Lewis S. Eidson, Esq.
mike@colson.com
Enid Duany Mendoza, Esq.
enid@colson.com
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel: (305) 476-7400
Facsimile: (305) 476-7444

Monica Kelly, Esq.
monicakelly@ribbecklaw.com
**RIBBECK LAW CHARTERED**
Lake Point Tower
505 North Lake Shore Drive
Chicago, Illinois 60611
Tel: (312) 822-9999

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AIR CRASH AT SAN FRANCISCO, CALIFORNIA ON JULY 6, 2013 | **MDL No. 2497** |
| Ther document relates to | **[PROPOSED] ORDER GRANTING PLAINTIFF MIAO LUO AND YI QIN'S UNOPPOSED MOTION FOR APPROVAL OF MINOR'S COMPROMISE** |
| Case No. 4:15-CV-03916-YGR | |
| CARL KNAUS et al, Plaintiffs, vs. THE BOEING COMPANY, Defendant. | |

1  Plaintiffs Miao Luo and Yi Qin, as natural parents of S.L. and as Next Friends of S.L., by
2 and through their counsel, have submitted their Unopposed Motion for Approval of Minor's
3 Compromise pertaining to a settlement reached with all parties on behalf of S.L.
4  Upon review of the file and consideration of the materials submitted in support thereof,
5 including the Motion, the Declaration of Enid Duany Mendoza, the revised Report of Next
6 Friends, the revised Declarations of Miao Luo and Yi Qin, and the non-opposition of any of the
7 released parties provided to the Court prior to the making of this Order, the Court does hereby
8 find and order as follows:

10  1.  The settlement of the claim of plaintiff S.L. against all parties, as compromised
11 pursuant to the terms of the Settlement Agreement and General Release (Exhibit A to the
12 Declaration of Enid Duany Mendoza) is approved.
13  2.  Asiana's Aviation Hull and liability insurers and reinsurers subscribing to the
14 policies in effect on July 6, 2013, shall issue payment in the amount of ▮▮▮▮▮▮▮▮▮ made
15 payable to MetLife Tower Resources Group, Inc. and delivered to NFP Structured Settlements,
16 as broker of record, to be received within 30 (thirty) days of Court Approval.
18  3.  MetLife Tower Resources Group, Inc. shall fund the Periodic Payment(S) by
19 purchasing a "qualified funding asset" within the meaning of Section 130(d) of the Internal
20 Revenue Code of 1986 in the form of an annuity contract issued by Metropolitan Life Insurance
21 Company in the sum of ▮▮▮▮▮▮▮▮▮ for the benefit of S.L. that shall provide a
22 ▮▮▮▮▮▮▮ guaranteed lump sum payable ▮▮▮▮▮▮▮▮▮ to S.L.
24  4.  If S.L. predeceases any Periodic Payment(s), the beneficiary of the Periodic
25 Payment(s) shall be the surviving parent(s) or legal guardian(s) of S.L.
26  5.  S.L., by and through his parent(s) and legal guardian(s), agrees to provide the
27 Foreign Wire Form required by Metropolitan Life Insurance Company for electronic deposit of

28
MDL No. 2497 Case No. 4:15-cv-03916-YGR
[Proposed] Order Granting Plaintiff Miao Luo and Yi Qin's Unopposed Motion for Approval of Minor's
Compromise

funds. This completed form shall be provided to Metropolitan Life Insurance Company no less than ninety (90) days prior to ▮▮▮▮▮▮▮▮▮▮. Delay in providing this information may cause the Periodic Payment(s) to be delayed.

6. If a periodic payment is unable to be completed and S.L. cannot be contacted, plaintiff's counsel of record will remain responsible to make its best efforts to locate S.L.

7. The parties to this settlement shall cooperate fully and execute any and all supplementary documents, including the Qualified Assignment document, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this settlement.

8. Plaintiffs' counsel may attach the fully executed settlement documents, when obtained, to this Order for purposes of submitting same to Metropolitan Life Insurance Company.

9. Should delays in effectuating the financial terms of this settlement cause a decrease in the future payment amount to be received by S.L., no further pleading or order of this Court shall be necessary so long as the total payment is no less than 97% of the amount set forth in the Minor's Compromise and the Declaration of Enid Duany Mendoza, all other variables (payout date, purchase price of the annuities) remaining the same.

10. The Court approves the payment of $1,875.00 to Dr. Gennady Musher; and $4,984.00 to the Western Eye Center in Shanghai, China.  The Court further approves payment of $176 to Statewide Interpreters Corporation for translation costs when S.L. went to medical appointments in the U.S. with his parents. These liens shall be paid from the allotment for attorneys' fees pursuant to an agreement among counsel.

11. The Court approves payment of ▮▮▮▮▮▮▮▮▮▮ as attorneys' fees.

MDL No. 2497 Case No. 4:15-cv-03916-YGR
[Proposed] Order Granting Plaintiff Miao Luo and Yi Qin's Unopposed Motion for Approval of Minor's Compromise

**3**

12. The Court approves dismissal of all claims of S.L. against defendant, with prejudice. Plaintiffs' counsel shall submit dismissal promptly after the annuities set forth in the settlement documents have been funded, and all other due consideration has been received by Plaintiffs' counsel.

**IT IS SO ORDERED.**

DATED: ___April 28___, 2016

Hon. Yvonne Gonzalez Rogers
U.S. District Judge

MDL No. 2497 Case No. 4:15-cv-03916-YGR
[Proposed] Order Granting Plaintiff Miao Luo and Yi Qin's Unopposed Motion for Approval of Minor's Compromise

**4**