UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br><br>**AIR CRASH AT SAN FRANCISCO, CALIFORNIA, ON JULY 6, 2013** | **MDL No.: 2497**<br><br>**PRETRIAL ORDER NO. 4 RE: TRIAL DETAILS AND LOGISTICS; MOTIONS *IN LIMINE*; EVIDENTIARY OBJECTIONS; AND OUTSTANDING FILINGS.**<br><br>**THIS ORDER RELATES TO:**<br><br>*Kyung Rhan Rha v. Asiana Airlines et al.*<br>Case No. 14-CV-01486 |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on Tuesday, September 12, 2017, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is confirmed to proceed in Courtroom 1. Jury Selection shall begin at 9:00 a.m. on Friday, September 22, 2017. All remaining trial days shall begin at 8:30 a.m. with the jury. Counsel shall arrive in court early enough to proceed each day promptly at 8:00 a.m. to address matters outside of the presence of the jury. Trial schedule will be Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after its standing calendars which normally begin at 2:00 p.m.

2. The Court sets the next pre-trial conference for Friday, September 22, 2017 at 8:00 a.m.

3. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

The Court's rulings on the motions *in limine* are provided below and are incorporated herein in their entirety.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness' entire testimony.

The parties filed motions *in limine* between August 22 and 25, 2017. (Dkt. Nos. 860, 863-865, 873, and 915-921.)[1] The motions came before the Court for hearing on September 12, 2017. After reviewing and considering all papers filed in support of, and in opposition to, the motions, as well as the arguments advanced by counsel at the hearing, the Court makes the following rulings on the parties' motions:

//
//
//
//
//

---

[1] Plaintiff Kyung Rhan Rha also filed a motion to seal certain information referenced in Exhibits A and B to plaintiff's motion *in limine* No. 4, (Dkt. No. 918), namely plaintiffs' social security number; employer identification number; birth date, address, and phone number; income figures; preparer tax identification numbers; Internal Revenue Service tracking numbers; taxpayer identification numbers; and payments made to the Internal Revenue Service. The Court finds the request sufficiently justified under the applicable "good cause" standard and, therefore, **GRANTS** the motions to seal the designated excerpts and documents in question solely for purposes of resolving the instant motion. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

| Number | Plaintiff's Motions *in Limine* | |
|---|---|---|
| Plaintiff No. 1 | All testimony stating that it cannot be ruled out to a reasonable degree of medical certainty that plaintiff is exaggerating her symptoms, malingering about her symptoms, and/or engaging in any type of symptom magnification, including, but not limited to, the reports and testimony of defense witnesses Kristin W. Samuelson and Tom R. Norris. | |
|  | **DENIED**, however, witnesses shall not testify as to any suspected motive by plaintiff, such as for "financial gain." | |
| Plaintiff No. 2 | Reference to refusal to undergo additional EMG procedure by defense neurologist Dr. Charles E. Skomer. | **DENIED**. |
| Plaintiff No. 3 | Testimony offering an opinion that plaintiff does not want to recover from her injuries, including, but not limited to the testimony of defense expert witness Tom Norris and plaintiff's refusal to sit for X-rays. | **RESERVED**. |
|  | Defendant shall not affirmatively introduce testimony regarding plaintiff's refusal to undergo X-rays unless plaintiff challenges the completeness of Dr. Skomer's opinion on this ground. The parties agree this issue may be moot. | |
| Plaintiff No. 4 | All evidence, references to evidence, testimony, or argument relating to her tax returns not being filed, including, but not limited to, the testimony and report of defense witness Patrick F. Kennedy. | **DENIED**. |
| Plaintiff No. 5 | All evidence, references to evidence, testimony, or argument relating to plaintiff's social security itemized statements of earnings. | **RESERVED**. |
|  | The parties agree this issue may be moot. | |
| Plaintiff No. 6 | Evidence of IMR final determination of "Body Buoy." | **GRANTED** as unopposed. |
| Plaintiff No. 7 | All evidence, references to evidence, testimony, or argument relating to plaintiff's perceived motivation for secondary gain, including, but not limited to, the report and testimony of defense neuropsychologist expert Kristin W. Samuelson and the study she cites in her report titled "Factors moderating neuropsychological outcomes following mild traumatic brain injury: A meta-analysis." | |
| | **DENIED**, however, witnesses shall not testify as to any suspected motive by plaintiff, such as for "financial gain." Accordingly, the last clause of the last sentence of paragraph 17 of Kristin W. Samuelson's expert report is **STRICKEN**. (*See* Dkt. No. 915-2 ¶ 17 ("and if she may be giving poor effort due to her litigation").) | |

//

//

//

//

//

3

| Number | Defendants' Motions in Limine | |
|---|---|---|
| Defendant No. 1 | Reference to work performed and fees charged by Asiana's experts in other cases arising from the crash of Asiana Flight 214. | |
| | Guidance provided, and the Court **RESERVES**. In summary, the amount of money paid to the experts used in this MDL is relevant to the witnesses' credibility, whether by individual defense counsel or the collective group of plaintiff counsel. That said, for all experts, the context of the number of claims is also important. The parties are encouraged to meet and confer and determine the manner in which the jury can acquire this information. The Court will revisit this motion with the parties on September 22, 2017, to determine whether issues still exist. | |
| Defendant No. 2 | Opinion testimony of plaintiff's sixty-one treating physicians as to opinions formed *during and after* the course of Plaintiff's treatment for failure to provide required expert disclosures. | **WITHDRAWN**. |
| Defendant No. 3 | Supplemental report and opinion expressed in supplemental report of plaintiff's expert Gregory J. O'Shanick, MD. | |

**RESERVED**. The Court requires additional information to determine whether the opinions offered by Dr. O'Shanick in his supplemental report update existing claims or present a new claim.

Plaintiff shall provide the Court with the relevant portions of (i) Dr. Kong's deposition transcript, (ii) medical records, and (iii) photographs on which Dr. O'Shannick relied in forming his supplemental report by no later than **1:00 p.m. on Friday, September 15, 2017**. To the extent not obvious from the transcript, medical records, and photographs, plaintiff shall advise the Court of the date on which the symptoms of Dr. Rha's alleged neurogenic bladder condition first appeared, and indicate why such condition could not have been diagnosed earlier.

| Defendant No. 4 | Videos of crash sequence and post-crash emergency Response. | **WITHDRAWN**. |
|---|---|---|
| Defendant No. 5 | Photos of the crash scene and aircraft wreckage. | |

**GRANTED** as to Exhibits 6-1 and 6-4.

**DENIED** as to Exhibit 6-3.

**DENIED** as to Exhibit 6-2, except that plaintiff shall crop out depictions of the seat which appears to be torn from its bearings.

4. **Witnesses:** The parties are limited to calling the witnesses submitted on the lists filed for the Pretrial Conference. (Dkt. Nos. 1005 and 1012.) Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

5. **Exhibits and Exhibit Lists:** The parties are limited to using the exhibits submitted on the Updated Joint Exhibit List Annotated with Stipulations/Objections filed for the Pretrial Conference, (Dkt. No. 1017), unless otherwise discussed with the Court, such as the

referenced summaries. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. Other than the demonstratives noted on Dkt. No. 1017, the jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court. Electronic evidence will be submitted to the jury with a court-approved laptop computer. Information on the same can be found at http://cand.uscourts.gov/jurypc.

With respect to the parties' objections as to exhibits, the Court memorializes its rulings as follows:

    i. Plaintiff's exhibit 10 (series): Plaintiffs shall reduce the number of photographs to approximately ten or fifteen.

    ii. Plaintiff's exhibits 18-19, 251, 311, 315, and 316: Reserved.

    iii. Plaintiff's exhibits 21, 278 and 280: Exhibits withdrawn.

    iv. Plaintiff's exhibits 137 and 141: Plaintiff shall redact sections pertaining to medical treatment of plaintiff's daughter.

    v. Defendant's exhibits 425, 426, and 461: Reserved.

6. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so. Parties are advised that the United States Marshal Service requires a court order to allow equipment and other trial related materials. Parties shall file request and proposed order.

7. **Jurors and Peremptory Challenges:** The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). 28 U.S.C. section 1870. *Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

8. Per the Court's Standing Order, the Court will give Model Instructions 1.4, 1.6, 1.8–1.10, 1.12–1.14, and 3.1–.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition).

9. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or

exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial and discussed with the Court on Friday. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

10. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** To the extent not already done, counsel shall lodge with the Court on September 22, 2017, two copies of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

11. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

12. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury on the day played. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial. The filing shall be designated: "Plaintiff's /Defendant's Trial Related Transcript(s) for Video Deposition(s)."

13. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses in the order to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order

6

upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

14. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

15. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

16. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on Wednesday, September 20, 2017, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated without an enforceable settlement.

17. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

18. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

19. **Meet and Confer:** In light of the discussion on the record during the pretrial conference held on September 12, 2017, the parties shall meet and confer with regard to the following issues: (i) exclusion of expert witnesses and plaintiff's family members during trial; (ii) procedure for examining witnesses which appear on both parties' witness lists; and (iii) qualification of

1  expert witnesses. The Court will review the status of these issues with the parties on
2  September 22, 2017.

3  20. **Outstanding Filings:** In light of the discussion and representations made by the parties on
4  September 12, 2017, the Court **ORDERS** as follows:

    i. Defendant shall provide the Court with a transcript of the deposition of Rodney Johnston by no later than **September 19, 2017**, and advise whether the Court need resolve the objections as to time allocation. To allow the Court to rule on the objections easily and efficiently, defendant shall provide the Court with a form of order that identifies each (and all) designation(s) in chart form and in chronological order. The chart shall identify an affirmative designation with a "D" and a counter-designation with a "CD" and shall include a column for plaintiff and one for defendant so that the Court can efficiently identify the party for whom time is assessed. The chart shall also be pre-filled assessing time to the proponent of each affirmative designation.

    ii. Defendant may file a brief regarding the effect of *Doe v. Etihad Airways*, 2017 WL 3723233 (6th Cir. 2017), on plaintiff's ability to recover damages for mental injuries under the Montreal Convention by no later than **September 19, 2017**.

    iii. As referenced above, plaintiff shall provide the Court with the relevant portions of (i) Dr. Kong's deposition transcript, (ii) medical records, and (iii) photographs on which Dr. O'Shannick relied in forming his supplemental report by no later than **1:00 p.m. on Friday, September 15, 2017**. To the extent not obvious from the transcript, medical records, and photographs, plaintiff shall advise the Court of the date on which the symptoms of Dr. Rha's alleged neurogenic bladder condition first appeared, and indicate why such condition could not have been diagnosed earlier.

//
//
//

This Order terminates Dkt. Nos. 860, 863-865, 873, and 914-921.

**IT IS SO ORDERED.**

Dated: September 14, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**