UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br><br>**AIR CRASH AT SAN FRANCISCO, CALIFORNIA, ON JULY 6, 2013** | **MDL No.: 2497**<br><br>**PRETRIAL ORDER NO. 5 RE: DEFENDANT'S MOTION IN *LIMINE* TO EXCLUDE SUPPLEMENTAL REPORT AND OPINION EXPRESSED THEREIN OF GREGORY J. O'SHANICK, M.D.**<br><br>**THIS ORDER RELATES TO:**<br><br>*Kyung Rhan Rha v. Asiana Airlines et al.*<br>Case No. 14-CV-01486 |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on Tuesday, September 12, 2017, and plaintiff's submission of additional information on September 15, 2017, (Dkt. No. 1027, Plaintiff's Submission Re: Dr. Wesley Kong ("Plaintiff's Supplemental Submission" )), and for good cause shown, the Court **GRANTS** defendant's motion *in limine* No. 3 to exclude the Supplemental Report and opinion expressed therein of Gregory J. O'Shanick, M.D. Plaintiff is ordered to admonish Dr. O'Shanick of the Court's ruling. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness' entire testimony.

Pursuant to Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Plaintiff produced the expert report of Dr. O'Shanick on April 4, 2017. (Dkt. No. 997 at 2.) In his expert report, Dr. O'Shanick opined that plaintiff sustained a traumatic brain injury and listed twenty-five diagnoses for plaintiff, none of which relate to urinary incontinence. Dr. O'Shanick issued a Supplemental Report on June 20, 2017, eleven days after the cut-off for damages expert discovery and seventeen days before the deadline for *Daubert* motions to be filed.

Plaintiff failed to disclose the Supplemental Report in a timely manner pursuant to the Court's pretrial schedule. (*See* Dkt. No. 710 at 2 (setting May 31, 2017 deadline for exchange of damages expert reports and June 9, 2017 cut-off for damages expert discovery.) In his supplemental report, Dr. O'Shanick offered a new opinion regarding plaintiff's alleged neurogenic bladder condition. (*See* Dkt. No. 863, Exh. A, O'Shanick Supplemental Report.)

On September 14, 2017, the Court ordered plaintiff to provide additional information regarding (i) when Dr. Rha's alleged neurogenic bladder condition first appeared, and (ii) why such condition could not have been diagnosed earlier. (Dkt. No. 1024, Pretrial Order No. 4 at 4, 8.) Plaintiff has failed to provide a sufficient answer to either question. The Court understands from plaintiff's filings (and the lack thereof) that despite the fact that plaintiff saw numerous physicians in the four years following the air crash which occurred at San Francisco International Airport on July 3, 2013, lack of bladder control was never noted as a symptom irrespective of the new diagnosis at issue here.

Plaintiff concedes that "[p]laintiff has no explanation as to why Dr. Rha's medical treaters [sic] did not, or were not able to, diagnose or even test for Dr. Rha's neurogenic bladder condition, other than the fact that thoracic outlet syndrome ("TOS") is a difficult condition to detect and diagnose, and that it is a progressive condition, i.e., the symptoms get worse over time." (Plaintiff's Supplemental Submission at 2.)

By definition, for a condition to "get worse," it must first exist. Plaintiff does not indicate when Dr. Rha lost control of her bladder, or why counsel waited so long to send her to a doctor that could diagnose the source of this symptom.[1] Accordingly, the Court finds that the opinion does not reference a prior condition, but instead attempts to assert a new condition. The Court further finds that the Supplemental Report and opinion expressed therein of plaintiff's expert Gregory J. O'Shanick, M.D. are properly excluded under Rule 403 on grounds of unfair prejudice and undue delay. In addition, as noted, the Supplemental Report was not timely under the Court's

---

[1] Plaintiff provides an academic article which indicates that neurogenic bladder symptoms may be delayed by weeks or even months. Here, however, the diagnosis was made more than *four years* after the air crash.

pretrial schedule. Accordingly, the Court **GRANTS** defendant's motion *in limine* No. 3.

**IT IS SO ORDERED.**

Dated: September 20, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**